UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

    v.                               No. 05-cr-112-01/02-JD

<u>Carlos Soto-Garcia</u>
<u>Luis Ortiz-Lara</u>


O R D E R

     Pending on the docket is defendant Luis Ortiz-Lara's motion to dismiss the indictment (document no. 60).  With this order, the court confirms its oral decision of November 2, 2006.

     Ortiz-Lara is charged in a drug conspiracy and intends to assert a public authority defense at trial.  He claims that he participated as a confidential informant for the Drug Enforcement Administration ("DEA") from 2001 until July 2005, a period of time both predating and fully encompassing the time period of the conspiracy charged in the indictment.  The government intends to argue that, although Ortiz-Lara had been a cooperating informant since 2001, and had signed a confidential source agreement with a one-year term in April 2004, his DEA handler had deactivated him in July 2004, several months before he began participating in the charged conspiracy.

     Ortiz-Lara believes the government possesses documents cataloguing his past participation as a confidential informant.

Believing that these documents would be helpful to his defense, he requested the government to disclose "any and all information regarding [his] past participation as a confidential informant for the government." He specifically requested the cell phone records of his former handler at the DEA. The government responded that, although it had already produced information concerning Ortiz-Lara's past cooperation as an informant, including the April 2004 confidential source agreement, it would undertake a second review of the DEA file and would produce copies of any new discoverable information. The government subsequently produced the requested cell phone records.

On the eve of trial, Ortiz-Lara's co-defendant filed several motions seeking the exclusion of government evidence. The next day, October 17, 2006, Ortiz-Lara filed his motion to dismiss. The motion asserted that the government continues to withhold exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963). In lieu of jury selection, the court was forced to hold a hearing on the motions and ultimately decided to continue the trial of both defendants. The court instructed counsel for Ortiz-Lara to meet with the government to work out a mutually agreeable plan for the discovery sought. In a subsequently filed objection to the motion to dismiss, the government noted its willingness to stipulate to Ortiz-Lara's

past role as a confidential informant and that it had already provided Ortiz-Lara with significant information concerning that issue. The government stated, however, that it would not produce certain documents regarding Ortiz-Lara's historical role as a confidential informant because such disclosure could compromise ongoing DEA investigations.

At the November 2 hearing, counsel for Ortiz-Lara again asserted that the government was withholding evidence vital to his client's defense. Specifically, he asserted that there were additional DEA phone records that would establish Ortiz-Lara's contact with the DEA during the time frame of the conspiracy. Ortiz-Lara stated that he could provide the government with specific phone numbers to search for. The government agreed to search for calls to or from the DEA pertaining to the specific numbers provided by Ortiz-Lara for the time period in dispute.

Ortiz-Lara also argued that his defense depended on his ability to establish the level of success of his prior participation as a confidential informant. He argued that the DEA has reports documenting the degree of his participation and how it lead to several successful arrests. The government agreed to produce any agreements in its possession establishing Ortiz-Lara's participation as an informant from 2001 to 2004 and also agreed to provide figures concerning how many arrests or

investigations were aided by Ortiz-Lara.  Although Ortiz-Lara continued to argue that the DEA reports are important to establishing the context of the relationship he had with his DEA handler, the court concluded that the government's proposal would provide Ortiz-Lara with sufficient information to present the historical background of his participation and to cross-examine his DEA handler.  The court would not permit Ortiz-Lara to rummage through the DEA's files simply to prove something the government had conceded.  As the court noted at the hearing, the real focus of the case should be on the time frame of the April 2004 confidential source agreement, the period after the DEA allegedly deactivated Ortiz-Lara in July 2005, and the period of the alleged conspiracy, February 2005 to April 2005.

    Since that hearing, Ortiz-Lara has not filed any further motions relating to discovery.  The court presumes that the government is cooperating with Ortiz-Lara's discovery requests consistent with its representations at the November 2 hearing.  Consequently, the court denies Ortiz-Lara's motion to dismiss and also denies his alternative request for an instruction to the jury that the government failed to fully meet its disclosure obligations.  The trial in this case has been continued on several occasions and the court would be loathe to grant another continuance.  Therefore, if Ortiz-Lara believes that the

government is not cooperating as outlined above, he should make sure he raises the issue with the court well in advance of the February 21, 2007 trial date.

## Conclusion

Defendant Ortiz-Lara's motion to dismiss (document no. 60) is denied.

SO ORDERED.

                                              /s/ Joseph A. DiClerico, Jr.
                                              Joseph A. DiClerico, Jr.
                                              United States District Judge

January 29, 2007

cc: Robert B. Carmel-Montes, Esquire
     Donald A. Feith, Esquire
     Michael J. Sheehan, Esquire
     Brian T. Tucker, Esquire